IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LANDSTAR RANGER, INC.<br>13410 Sutton Park Drive South<br>Jacksonville, FL 32224<br><br>          Plaintiff,<br><br>     v.<br><br>M X 26 HELP & LINKK CORPORATION<br>Serve: Stephan A. Bloom<br>108-24 71st Ave. 1H<br>Forest Hills, NY 11375<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

COMES NOW Landstar Ranger, Inc. (hereinafter referred to as "Landstar"), by and through Counsel, and for its Complaint against Defendant M X 26 Help & Link Corporation ("hereinafter referred to as "MX") states as follows:

Parties

1. Landstar Ranger, Inc. is a Delaware corporation whose principal place of business is 13410 Sutton Park Drive South, Jacksonville, FL 32224.

2. Landstar is engaged in the arranging for and performance of interstate carriage for hire by authority issued to it by the Federal Motor Carrier Safety Administration (FMCSA).

3. Defendant M X 26 Help & Link Corporation, based upon information and belief, is a New York corporation whose principal place of business is 108-24 71st Ave. 1H, Forest Hills, NY 11375.

4. Defendant MX's agent for service of process is Stephan A. Bloom whose address is 108-24 71st Ave. 1H, Forest Hills, NY 11375.

1

<u>Jurisdiction and Venue</u>

5. This Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1337.

6. This matter exceeds $75,000 in controversy, exclusive of interest and costs.

7. Pursuant to 28 U.S.C. 1391(b) venue is proper in this district and division in that Defendant contracted with Landstar in Washington, D.C. See Appendix A.

8. This Court has personal jurisdiction over Defendant in that Defendant arranged for and ultimately contracted with Landstar who shipped Defendant's product in interstate commerce in Washington, D.C.

COUNT ONE

<u>Breach of Transportation Contracts</u>

9. Between September 2022 and November 2022, MX arranged for the tendering of shipments to Landstar. See Appendix B, Invoice Summary.

10. Landstar was the transportation entity of record on each of the shipping documents and performed the services herein.

11. Landstar transported each of the shipments from point of origin and delivering same to various destination points. See Appendix C.[1]

12. On each of the shipments, MX received the economic benefit of Landstar's transportation services and therefore is liable for Landstar's freight charges.

13. Landstar, on each of the shipments, invoiced Defendant MX at their Washington, D.C. offices in the total amount of $163,950.01.

---

[1] Due to the volume of documents, Appendix C includes a representative sample of the underlying invoices and bills of lading.

14. Defendant MX accepted each of the invoices and underlying paperwork without objection or protest.

15. Despite due demand, MX has failed to make payment to Landstar.

WHEREFORE, Plaintiff Landstar Ranger, Inc. prays for Judgment as follows:

(1)     That Judgment be entered against Defendant M X 26 Help & Linkk Corporation and that Landstar be awarded $163,950.01 for otherwise identified and unpaid freight charges; and

(2)     For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ John T. Husk
John T. Husk, Esq., DCB #434714
Jeffrey E. Cox, Esq., DCB #992019
Law Office of Seaton & Husk, LP
2240 Gallows Road
Vienna, VA 22182
Tel: 703-573-0700
Fax: 703-573-9786
johnhusk@aol.com
jeffcox@transportationlaw.net

*Counsel for Landstar Ranger, Inc.*