UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LANDSTAR RANGER, INC.,<br><br>  *Plaintiff*,<br><br>v.<br><br>M X 26 HELP & LINKK CORPORATION,<br><br>  *Defendant*. | Civil Action No. 23-13 (TJK) |

### MEMORANDUM

After obtaining the Clerk of Court's entry of Defendant's default, Plaintiff now moves for default judgment for a sum certain. For the following reasons, the Court will grant the motion and enter default judgment in the amount requested.

Plaintiff filed a one-count breach-of-contract complaint against Defendant. *See* ECF No. 1. Plaintiff alleged that Defendant agreed to pay Plaintiff for shipping services, that Plaintiff invoiced Defendant for $163,950.01, that Defendant accepted the "invoices and underlying paperwork without objection or protest," but that Defendant failed to pay. *Id.* ¶¶ 9–15. Plaintiff timely filed proof of service on Defendant. *See* ECF No. 7. When Defendant did not appear within 21 days, *see* Fed. R. Civ. P. 12(a)(1)(A)(i), Plaintiff filed an affidavit supporting default, *see* ECF No. 8. Thus, the Clerk of Court entered Defendant's default. ECF No. 9; *see also* Fed. R. Civ. P. 55(a).

Plaintiff now moves for a $163,950.01 default judgment against Defendant. ECF No. 10. It describes that amount as a "sum certain . . . excluding interest and costs." *Id.* at 2. It also supports that motion with affidavits by its lawyer, who asserts that service was proper and that Defendant has not contacted him, *see* ECF No. 10-1 at 1–2, and a custodian of its business records,

who asserts that Plaintiff provided the services for which it billed Defendant, *see* ECF No. 10-2 at 1–2.  Plaintiff also filed documents detailing the services it says it provided.  *See id.* at 3–113.

Federal Rule of Civil Procedure 55 creates a "two-step procedure" for obtaining a default judgment.  *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 102 (D.D.C. 2015).  First, after a defendant "has failed to plead or otherwise defend," the plaintiff may request that the Clerk of the Court enter default against that defendant.  Fed. R. Civ. P. 55(a).  Second, after default is entered, the plaintiff may move for a default judgment.  Fed. R. Civ. P. 55(b)(2).  An entry of default "establishes the defaulting party's liability for the well-pleaded allegations of the complaint."  *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67 (D.D.C. 2011) (collecting cases).  But this "does not automatically establish liability in the amount claimed by the plaintiff."  *Carazani v. Zegarra*, 972 F. Supp. 2d 1, 12 (D.D.C. 2013).

After an entry of default, Federal Rule of Civil Procedure 55(b)(1) authorizes the Clerk of Court to enter default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation."  "In all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  In those cases, the Court "is required to make an independent determination of the sum to be awarded," *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002).  But even on claims for sums certain, courts may enter default judgment although the rules permit the Clerk of Court to do so instead.  *See, e.g.*, *Marell v. Plummer*, No. 18-CV-354 (TFH), 2018 WL 6329397, at *1 (D.D.C. Dec. 4, 2018).[1]

---

[1] Even with an absent party, a court has an "affirmative obligation" to determine that it has subject-matter and personal jurisdiction before entering a default judgment.  *See James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996); *Karcher v. Islamic Republic of Iran*, 396 F. Supp. 3d 12, 21 (D.D.C. 2019).  The Court has no trouble concluding that it has both here.

Plaintiff's claim, which is established by well-pleaded allegations, is for a sum certain. A sum certain is an amount for which, "once the fact of liability is established, the dollar amount of that liability follows with mathematical certainty." *Combs v. Coal & Min. Mgmt. Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984). For example, a dollar amount that appears on the face of a financial instrument is a sum certain, even if the relevant liability rule requires calculations based on that number. *See Thorpe v. Thorpe*, 364 F.2d 692, 693–94 (D.C. Cir. 1966). Here, Plaintiff's claimed amount is the sum of unpaid invoices that it alleges Defendant was contractually obligated to—but did not—pay. *See* ECF No. 1-2; ECF No. 1 ¶¶ 9–15. Because Defendant's "default establishes [its] liability" for those amounts, *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008), the only remaining operation has "mathematical certainty," *see Combs*, 105 F.R.D. at 474.

Thus, the Court need not inquire further. *See Adkins v. Teseo,* 180 F. Supp. 2d 15, 17 (D.D.C. 2001) ("[T]he court is required to make an independent determination of the sum to be awarded . . . unless the amount of damages is certain . . . ."). The Court will enter final default judgment for Plaintiff, Landstar Ranger, Inc., and against Defendant, M X 26 Help & Linkk Corporation, in the amount of $163,950.01. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: July 12, 2023

---

Plaintiff's complaint alleges (1) that Plaintiff is a citizen of Delaware and Florida, (2) that Defendant is a citizen of New York, and (3) that Defendant failed to pay contractual obligations exceeding $75,000. ECF No. 1 ¶¶ 1, 3, 13. Thus, the Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff's complaint also alleges that Defendant signed the relevant contract through its office in the District of Columbia. *See* ECF No. 1 ¶ 7; ECF No. 1-1. That contact with this forum is sufficient to establish personal jurisdiction over Defendant. *See, e.g., Clements Distrib. Co. of Va. v. Celebrity Prods., Inc.*, 699 F. Supp. 322, 322–23 (D.D.C. 1988).